UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

U.S. COURTHOUSE

402 E. STATE STREET

TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                609-989-0478
United States Bankruptcy Judge                                                                  609-989-2259 Fax

January 29, 2009

David H. Stein, Esq.                                              Karen E. Bezner, Esq.
Wilentz Goldman & Spitzer P.A.                          567 Park Avenue, Suite 103
90 Woodbridge Center Drive                              Scotch Plains, NJ 07076
Suite 900 Box 10
Woodbridge, NJ 07095

Re:    CRM International, Inc. Bankruptcy Case
       No. 04-47594 (MBK)

       Motion By CHP Energy Lenders, LLC
       Seeking Payment of Super-Priority Claim

Dear Counsel:

    The Court has reviewed the submissions filed by counsel with respect to the motion filed by CHP Energy Lenders, LLC ("CHP"), seeking payment of its secured/super-priority claim ("Motion"), and the opposition raised thereto by Karen E. Bezner, Chapter 7 Trustee ("Trustee"). For the reasons set forth below, the Court directs the Trustee to pay CHP, through its counsel, the balance sought in its amended proof of claim, filed January 16, 2009, less the sum of $14,472.15, within five (5) business days from the entry of an order by the Court. Further to Fed. R. Bankr. P. 7052, the Court finds as follows:

1. No provision of the either the Loan Agreement or Note, dated December 14, 2004, or the Order approving same dated December 20, 2004, prohibit CHP from collecting sums in excess of $500,000, when taking into account accrued interest, late fees and costs. The Court will not impose a cap on the CHP claim, nor treat any portion thereof as an unsecured claim, given that the entire claim maintains a super-priority status.

2. The Loan Agreement and Note, dated December 14, 2004, as well as the Order approving same dated December 20, 2004, permit the collection of interest on unpaid installments of interest, imposition of a default rate of interest, and a 10% penalty (upon default) on all payments due under the Loan Agreement or other loan documents. Accordingly, the Trustee's objections to these charges are overruled.

3. While Sections 11.1 and 12.9 of the Loan Agreement permit generally the lender (CHP) to recover reasonable expenses incurred in connection with the enforcement of the Loan

Agreement or the preservation of rights thereunder, this Court finds that the total charges for professional fees exceeded the amounts reasonable necessary to achieve these ends. In this regard, the Court has reviewed the underlying invoices attached to the October 17, 2008 proof of claim and has determined that a substantial number of charges were for tasks that were not necessary for the enforcement of the Loan Agreement or "other Obligations"( as defined thereunder), the preservation of rights or collateral, or the rendering of legal advice relative to the underlying loan. Moreover, the aggregate sum of professional fees incurred by CHP exceeds an amount reasonably necessary to protect CHP's interests with respect to a loan having an outstanding principal balance of $316,800. Accordingly, the Court reduces the professional fees for which CHP may recover from the bankruptcy estate, to the total sum of $60,000 (a reduction of $14,472.15). Counsel for CHP is directed to submit an Order under the five day rule.

Yours very truly,

/s/ Michael B. Kaplan

Michael B. Kaplan

U.S.B.J